■ ELEANOR R. STENBERG, Respondent, v SANDRA R. DAVIS, Defendant and Third-Party Plaintiff-Respondent. FAITH HELLER WILLINGER, Third-Party Defendant-Appellant. [818 NYS2d 521]—

In an action for specific performance of an agreement dated September 10, 1985, which modified an agreement dated August 5, 1981, guaranteeing the obligation of a third party in an agreement dated May 14, 1981, the third-party defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (LaCava, J.), entered December 14, 2004, which, inter alia, (1) granted the motion of the defendant third-party plaintiff for summary judgment in the third-party action declaring that (a) the third-party plaintiff and the plaintiff third-party defendant have been discharged from liability under the original guarantee dated August 5, 1981, and the subsequent agreement dated September 10, 1985, and (b) said guarantee is of no force and effect, and (2) denied her cross motion for summary judgment, among other things, declaring that the third-party plaintiff and the plaintiff third-party defendant breached their duties as guarantors of the agreement dated May 14, 1981.

Ordered that the order is affirmed insofar as appealed from, with costs.

The significant facts are not in dispute. In May 1981 spouses

Jack Heller and Bertha Heller owned, inter alia, condominium unit 9N (hereinafter unit 9N) located at 5055 Collins Avenue, Miami Beach, Florida. On May 14, 1981 they entered into an agreement, which set forth that as to their jointly owned property of "two condominium residences," one described as "30 Greenridge Avenue, White Plains, New York" and the other described as "5055 Collins Avenue, Miami Beach, Florida," if Jack Heller predeceased his wife, both residences "shall become the sole property of the Wife." Bertha Heller agreed to include in her will or a codicil thereto, inter alia, that if her husband predeceased her, she would bequeath her rights, title, and interest in and to the Florida condominium to her stepdaughter, the appellant, Faith Heller Willinger, and if she sold either or both residences during her lifetime she would bequeath the proceeds realized to the beneficiary who would have received the residence.

In August 1981 Bertha Heller's daughters, the plaintiff third-party defendant, Eleanor R. Stenberg, and the defendant third-party plaintiff, Sandra R. Davis, executed a guarantee of their mother's obligations under the May 14, 1981 agreement. In September 1985 Bertha Heller and her daughters executed a further agreement "to afford . . . a measure of protection from any ultimate potential liability under such guaranty." That agreement provided:

"In consideration of your August 5, 1981 guaranty of my [the wife's] obligations pursuant to a certain agreement dated May 14, 1981 between [my husband] and me . . . I hereby agree that should [my husband] predecease me and thereafter, should I sell one or both of my two residences (Collins Avenue; Greenridge Avenue), or any replacement residence, I shall have the proceeds of sale immediately deposited into an escrow fund, which fund upon my death to be used in the first instance to fulfill my obligations under my May 14, 1981 agreement with [my husband]."

In July 1986 Jack Heller and Bertha Heller purchased condominium unit 12M, located at the same street address as unit 9N. In October 1986, they sold unit 9N. Jack Heller died in late 1986.

In September 2002 Bertha Heller sold unit 12M. Stenberg commenced the main action, seeking specific performance of the September 1985 agreement and demanding that Davis, as attorney in fact for Bertha Heller, deposit the proceeds of the sale of unit 12M in an escrow account to be jointly owned with Stenberg. Davis answered and commenced a third-party action against Stenberg and the appellant. In pertinent part, the third-

party complaint sought a declaration that the May 1981 agreement applied only to property jointly owned by Jack Heller and Bertha Heller at the time that agreement was executed, i.e., unit 9N, and was not applicable to unit 12M, which was acquired more than five years after the May 1981 agreement. The Supreme Court, in the order appealed from, inter alia, granted Davis's motion for summary judgment, denied the appellant's cross motion for summary judgment, and held that the agreement dated May 1981 applied to unit 9N, not unit 12M, and that the obligations under the guarantees abated with respect to unit 9N during Jack Heller's lifetime. We affirm.

Contrary to the appellant's contention, no ambiguity exists as to whether the phrase "condominium residences" as used in the May 1981 agreement encompasses only those specific units owned by the husband and wife at that time. Although the subsequently acquired 12M has the same street address as the unit described in the May 1981 agreement, namely "5055 Collins Avenue, Miami Beach, Florida," 12M was purchased by Jack Heller and Bertha Heller in July 1986 and therefore was not a subject of the 1981 agreement. A court may not write into a contract terms or conditions the parties did not include (*see Tikotzky v City of New York,* 286 AD2d 493 [2001]).

As noted by the Supreme Court, upon the sale of unit 9N during Jack Heller's lifetime, Stenberg's and Davis's obligations with respect to the guarantees abated as to unit 9N.

The appellant's remaining contentions are without merit or need not be addressed in light of our determination. Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.